UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BRYANT EVERETT PLANTER,**

    Petitioner,

v.

                                      Civil No.: 2:11cv562
                                      Criminal No.: 2:10cr168

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Bryant Everett Planter's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion alleges that his counsel was ineffective for failing to challenge the drug weights attributed to him during sentencing, failing to fully disclose that counsel is an officer of the Court, and failing to challenge the Court's subject matter jurisdiction. The Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to the relief sought in his § 2255 motion. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons discussed below, Petitioner's § 2255 motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2010, pursuant to a written plea agreement, Petitioner pled guilty to Count One of the Indictment, which

charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute 280 Grams of more of Cocaine Base and 5 Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). The statutory punishment for Count One was imprisonment for not less than ten (10) years, nor more than life.

On March 24, 2011, Petitioner appeared before the Court, with counsel, for sentencing. During the sentencing hearing, Petitioner's objection to the aggregate drug weights attributed to Petitioner was withdrawn.[1] However, Petitioner's objection challenging the involvement in the offense of an individual less than eighteen-years-old was pursued and was ultimately sustained by the Court. In light of such favorable ruling, Petitioner's offense level was reduced by two levels, resulting in a Guideline range of 235-295 months imprisonment. Petitioner was sentenced to 235 months imprisonment. Petitioner did not appeal his conviction or sentence.

Petitioner filed his § 2255 motion on October 17, 2011. The government thereafter filed a brief in opposition, and

---

[1] The drug weight objection challenged the drug weights attributed to Petitioner in the Presentence Report ("PSR") based on the lack of evidence in the PSR that the defendant was the only source of supply to a co-defendant. Such objection was withdrawn at the sentencing hearing based in part on the fact that such co-defendant was present and planned to testify that Petitioner was in fact his sole source of supply.

2

Petitioner subsequently filed a reply brief in support of his motion. This matter is therefore ripe for review.

## II. STANDARD OF REVIEW FOR § 2255 MOTION

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. See In re Jones, 226 F.3d 328, 333 (4th Cir.

3

2000) (quoting Davis v. United States, 417 U.S. 333, 343 (1974)) ("'§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus[.]'"). The existence of the right to pursue a collateral attack does not displace a direct appeal as the ordinary method for challenging a conviction or sentencing determination. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1981). Accordingly, a § 2255 collateral challenge "may not do service for an appeal." Id. at 165.

The "higher hurdle" that applies to claims advanced for the first time in a § 2255 action exists because, once a defendant's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which [s]he complains[.]" United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992).

4

"'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a *possibility* of prejudice," but rather he must show that the claimed error "worked to his *actual* and substantial disadvantage" and was an "error of constitutional dimensions." Frady, 456 U.S. at 170.

A petitioner need not overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992)) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'"). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (quoting Massaro v. United States, 538 U.S. 500, 504-06 (2003)) ("'[I]n most

cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because the trial record is 'often incomplete or inadequate for [addressing such claims on direct review,]' thereby risking the failure of '[e]ven meritorious claims.'") (alterations in original). Although the Frady "cause" and "prejudice" test is inapplicable to freestanding ineffective assistance claims, a petitioner still bears a substantial burden to successfully establish ineffective assistance of counsel.

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)) (emphasis added). In order to demonstrate that defense counsel failed to provide effective assistance, a petitioner must establish that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two

prongs of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Id. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). If the Petitioner fails to prove either of the two prongs of the Strickland test, the Court need not evaluate the other prong of the test. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### III. DISCUSSION

Petitioner's § 2255 motion advances three claims, all of which allege that defense counsel provided ineffective assistance. For the reasons discussed below, Petitioner's claims fail on the merits.

#### A. Improper Drug Weights at Sentencing

Petitioner first claims that defense counsel provided ineffective assistance by failing to challenge the quantity of

drugs attributed to Petitioner at sentencing. Specifically, Petitioner contends that had defense counsel argued that Petitioner was liable only for the drug weights "relevant to the conduct of petitioner," then a five-year, rather than a ten-year, statutory mandatory minimum would have applied. § 2255 Motion at 4, ECF No. 63.

A review of the facts and the arguments in Petitioner's briefs plainly reveals that Petitioner has not met the threshold for establishing ineffective assistance of counsel. First, defense counsel did initially object to the drug weights attributed to Petitioner at sentencing. That objection was later withdrawn, with Petitioner's approval, after it became clear that Petitioner's co-defendant would testify to the fact that Petitioner was his sole source of supply for narcotics. Defense counsel did not perform deficiently by acknowledging, in open court, that such testimony would defeat the defense's objection asserting that the PSR failed to prove that such co-defendant did not have another source of supply.

Second, Petitioner ignores the fact that he pleaded guilty to conspiracy to distribute and possess with intent to distribute <u>5 kilograms or more of cocaine</u> and <u>280 grams or more of cocaine base</u>. Either threshold drug weight is alone sufficient to require a ten-year statutory mandatory minimum sentence. Petitioner's plea agreement expressly states that he

9

was pleading guilty to such threshold drug weights, and this provision of the plea agreement was explained by the Court, in detail, at Petitioner's sentencing hearing. Petitioner acknowledged, under oath, that he understood this provision. Moreover, the Statement of Facts, which Petitioner orally and in writing swore was true, documents Petitioner's drug trafficking of quantities in excess of the threshold necessary to warrant the ten-year statutory mandatory minimum.[2] Petitioner's collateral attack on the mandatory minimum sentence is thus clearly without merit. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (indicating that, except in the case of extraordinary circumstances, § 2255 claims that contradict prior sworn statements are "patently frivolous or false").

---

[2] Although Petitioner fails to advance any new evidence or compelling argument that any drug weights were improperly attributed to him at sentencing, to the extent that Petitioner seeks to advance a legal challenge to drug weights being attributed based on a co-conspirator's conduct, it should be noted that drug quantities possessed by other members of a conspiracy "may be considered 'relevant conduct' attributable to [a] defendant" if such drug weights are "reasonably foreseeable" to the defendant and are "within the scope of the criminal activity undertaken" by such defendant. United States v. Bell, 667 F.3d 431, 442 (4th Cir. 2011); see U.S.S.G. § 1B1.3 (defining "relevant conduct"). Here, a review of Petitioner's PSR appears to demonstrate that Petitioner was only attributed with drugs based on transactions in which Petitioner was personally responsible for the drugs being trafficked. Furthermore, even if Petitioner was attributed with "foreseeable" drug quantities possessed by his co-conspirators, Petitioner has not demonstrated in his § 2255 which drug quantities were improperly attributed to him, a showing that would be necessary to demonstrate that counsel provided constitutionally deficient performance.

Accordingly, Petitioner fails to demonstrate that his lawyer made any errors, let alone "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Petitioner likewise fails to demonstrate any resulting prejudice. Accordingly, Petitioner's first claim is denied.

### B. Lack of Full Disclosure/Conflict of Interest

Petitioner next argues that defense counsel was ineffective for failing to fully disclose that he was an "officer of the court." § 2255 Motion at 5. Petitioner asserts that defense counsel's obligations to the Court created a conflict of interest and that defense counsel intentionally withheld such conflict from Petitioner to induce him to enter into the Plea Agreement. Petitioner's claim of error, fails on its face, and is unsupported by fact or law. Petitioner's claim plainly overlooks the fact that <u>every defense attorney</u> admitted to practice in this Court is an "officer of the court." Moreover, Petitioner fails to demonstrate that defense counsel withheld pertinent information or intentionally deceived Petitioner in any way.[3] Petitioner therefore fails to demonstrate that his

---

[3] In addition to the alleged conflict of interest, Petitioner asserts that defense counsel failed to fully disclose the "rights afforded Petitioner." § 2255 motion at 5. However, Petitioner fails to explain such claimed error in his motion or reply brief. Accordingly, to the extent such assertion advances a separate claim for ineffective assistance, it is <u>denied</u> on the merits as Petitioner fails to even

11

trial counsel was constitutionally deficient, and fails to demonstrate that he suffered resulting prejudice. Accordingly, Petitioner's second claim is denied.

### C. Subject Matter Jurisdiction

Petitioner's third claim for relief challenges defense counsel's failure to object to the Court's subject matter jurisdiction. Petitioner argues that there was no evidence that the drugs in question were imported. Consequently, according to Petitioner, the Court lacked subject matter jurisdiction.

Petitioner's claim confuses both the facts and the controlling law. First, Petitioner's reliance on <u>Erwing v. United States</u>, 323 F.2d 674 (9th Cir. 1963) ignores several important facts distinguishing such case from the case at bar. In <u>Erwing</u>, decided in 1963, the defendant was charged under 21 U.S.C. § 174, which prohibited the importation of certain drugs into the United States. At the time, cocaine use was not unlawful. Because, in <u>Erwing</u>, there was sufficient evidence to demonstrate that the defendant acquired the cocaine at issue from a domestic source, the court reversed the defendant's conviction. <u>Erwing</u>, 323 F.2d at 682. Subsequent to <u>Erwing</u>, Congress passed the Comprehensive Drug Abuse Prevention and Control Act of 1970, which prohibited the possession, use,

---

explain the alleged error, let alone demonstrate that it was of sufficient magnitude to warrant collateral relief.

transportation, and distribution of cocaine, without regard to importation. Consequently, the analysis in Erwing simply does not apply to this case.

Second, 21 U.S.C. § 841, the statute under which Petitioner was convicted, does not require that the controlled substance in question be imported. To the extent that Petitioner attempts to argue that § 841 is only a valid exercise of Congress' Commerce Power when a direct impact on interstate commerce is proven, such argument fails as a matter of law. See Gonzales v. Raich, 545 U.S. 1, 32-33 (2005) (holding that Congress has the authority under the Commerce Power to regulate intrastate drug activity); United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (affirming the position that "Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances"). Accordingly, Petitioner fails to demonstrate that his counsel provided deficient performance by failing to challenge the Court's subject matter jurisdiction. He likewise fails to demonstrate resulting prejudice. Thus, Petitioner's third claim fails.

## IV. CONCLUSION

As discussed above, Petitioner's § 2255 motion is **DENIED** as Petitioner plainly fails to demonstrate that defense counsel

provided constitutionally deficient representation or that Petitioner was prejudiced by counsel's performance.

Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion also is **DENIED**. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); 28 U.S.C. § 2253(c)(2); see <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 28, 2012